## GROSS *a.* GRAVES.

*Nem York Superior Court; Special Term, October,* 1864.

ARREST.—EXCUSE FOR NOT PAYING OVER MONEY.

The fact that a third person had interposed some claim to moneys which the defendant had received in a fiduciary capacity for the plaintiff, wherefore he refused to pay it over lest he should be liable, does not affect the plaintiff's right to have the defendant arrested in an action to recover such money.

Motion to vacate an order of arrest.

The defendant, as the attorney of the plaintiff, received, for her, money paid into court for her use in a former action, but refused to pay it over to her, on the ground that the defendant in such former action, who had paid it into court, had some claim thereon. She brought this action to recover the amount; and having obtained an order for his arrest, he now moved to set it aside.

MONCRIEF, J.—It is admitted by the defendant that he received money as the attorney for the plaintiff, and that he has not paid the amount so received, or any part thereof, over to her. Under such circumstances, the plaintiff is entitled, of course, to an order of arrest under subdivision 2 of section 179 of the Code; and upon obtaining judgment in this action, can issue an execution against the person of the defendant, irrespective of an order of arrest having been granted. If the defendant believed that the defendant in the action in which the money was paid into court would have a legal claim against him in case the money was paid to the plaintiff, he possibly could have relieved himself from all apprehension by obtaining leave to pay the money back into court. Whether the plaintiff will recover the whole amount claimed by her, or the defend-

ant allowed to set off charges for services alleged to have been rendered, will be best ascertained upon the trial of this action.

I am constrained to deny the motion to discharge the order of arrest, with $10 costs.